DANIEL H. HANDMAN (SBN 236345)
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard - Suite 600
Santa Monica, CA  90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

Attorneys for Defendant
DEAN FOODS COMPANY

U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

Bakersfield Division

| | |
|---|---|
| DEAN FOODS COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ALEX GEORGIAN<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF** |

COMES NOW PLAINTIFF DEAN FOODS COMPANY in its Complaint against Defendant Alex Georgian for declaratory judgment and an injunction enjoining Defendant from taking any action in connection with a state court proceeding that is pre-empted by the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.* ("ERISA") and that violates the applicable plan. In support thereof, Plaintiff alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas.

2. Defendant is an individual and a resident of California.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 U.S.C. §1331, as this case presents a federal question arising under ERISA.

4. Venue is proper in this Court, as Defendant is a resident of Kern County, California.

### THE STATE COURT PROCEEDINGS

5. Plaintiff is a fiduciary of an employee benefit plan under Section 401(k) of the Internal Revenue Code (the "401(k) Plan"). Defendant was an employee of a limited liability company that was a subsidiary of Plaintiff and which participated in The 401(k) Plan.

6. On August 30, 2012, Defendant filed a Complaint in small claims court in Kern County, California, alleging that Plaintiff had "removed" funds totaling $6,779 from an account that he had maintained under The 401(k) Plan.

7. In fact, the 401(k) Plan, by its terms, allowed for employees to receive employer-sponsored "matching" contributions for a portion of the contributions an employee made. Those "matching" contributions were subject to a vesting schedule under which the "matching" contributions vested 20 percent for each full year an employee completed with Plaintiff or a subsidiary thereof. If an employee left his employment with Plaintiff or a subsidiary of Plaintiff, he would retain any contribution which he made to his 401(k) account and any vested portion of a "matching" contribution. The amount which was at issue in the Complaint was the unvested matching portion (the "Unvested Matching Portion").

8. Plaintiff litigated the case in state court and asserted several defenses based on the fact that The 401(k) Plan was a plan governed by ERISA. Among other things, Plaintiff asserted that the state court had no jurisdiction over the case because it was pre-empted by ERISA and that any decision would make it impossible for Plaintiff, as a fiduciary of the 401(k) Plan, to carry out its obligations under the Plan.

9. Notwithstanding that, the state court issued a judgment for the Unmatched Vesting Portion. Plaintiff appealed the case to the Superior Court of Kern County and after a hearing *de novo*, the Superior Court issued the same judgment.

### FIRST CAUSE OF ACTION – INJUNCTIVE RELIEF AGAINST DEFENDANT

10. Section 502(a)(3) of ERISA provides that a plan fiduciary can bring an action in federal court to "(A) to enjoin any act or practice which violates any provision of this subchapter

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." The courts have found that they can take "appropriate equitable relief" against parties to enforce the terms of an ERISA plan.

11. Plaintiff seeks equitable relief from the Court to enforce The 401(k) Plan by enjoining Defendant from taking any action to collect on the judgment he obtained in the state court proceeding. Were Plaintiff forced to pay the judgment issued by the state court, it would violate ERISA and the terms of The 401(k) Plan.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF AGAINST DEFENDANT

12. Section 502(a)(3) of ERISA provides that a plan fiduciary can bring an action in federal court to "obtain [] appropriate equitable relief . . . to redress [a] violation[]" of ERISA.

13. Plaintiff seeks declaratory relief that the state court's judgment violated ERISA and the terms of The 401(k) Plan and that any action by Defendant to enforce said judgment would also violate ERISA and the terms of The 401(k) Plan.

WHEREFORE, Plaintiff seeks the following relief:

1. An injunction that enjoins Defendant from taking any action to collect on the state court judgment referenced herein; and

2. Declaratory relief that any action by Defendant to enforce said judgment would also violate ERISA and the terms of The 401(k) Plan.

Dated: October 29, 2013

HIRSCHFELD KRAEMER LLP

By: _____
Daniel H. Handman
Attorneys for Plaintiff
DEAN FOODS COMPANY